UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THOMAS A. BOWMAN, Individually, and as Next of Kin of LEE W. BOWMAN, Deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:08-CV-37 (VARLAN/GUYTON) |
| BULKMATIC TRANSPORT COMPANY, INC., and the Personal Representative of the ESTATE OF JEFFREY W. RICHIE, Deceased. | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

This civil action is before the Court for consideration of plaintiff Thomas A. Bowman, individually, and as next of kin of Lee W. Bowman, deceased, ("Plaintiff's") Motion for Voluntary Dismissal as to the Estate of Jeffrey W. Ritchie [Doc. 74]. In the motion, plaintiff requests permission to voluntarily dismiss all claims asserted against defendant the Estate of Jeffrey W. Ritchie ("defendant the Estate of Ritchie"), without prejudice, in accordance with Federal Rule of Civil Procedure 41(a)(2). Defendant the Estate of Ritchie has filed a response in opposition to plaintiff's motion to the extent it seeks dismissal without prejudice and requests the Court to order that any dismissal be with prejudice. [Doc. 79]. For the reasons that follow, the Court will grant plaintiff's motion.

## I. BACKGROUND

On February, 2, 2008, plaintiff filed this civil action in this Court [Doc. 1]. Plaintiff's complaint was subsequently amended on July 2, 2009 [Doc. 24]. The trial in this matter was originally set for September 28, 2009. Per defendant the Estate of Ritchie's request, and with the consent of the other parties, the trial in this matter was continued to January 19, 2010 [Doc. 30]. Defendant the Estate of Ritchie has not asserted a counterclaim against plaintiff and has not filed a motion for summary judgment. The trial date in this matter is now currently set for January 21, 2010. On January 12, 2010, plaintiff filed the present motion for permission to voluntarily dismiss defendant the Estate of Ritchie [Doc. 74]. Defendant the Estate of Ritchie filed a response in opposition [Doc. 79].

## II. ANALYSIS

In the motion, plaintiff seeks to dismiss all claims asserted against defendant the Estate of Ritchie, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) provides that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). In its opposition response, defendant the Estate of Ritchie requests that the Court should dismiss this case with prejudice because the case has been pending for over a year, discovery is complete, and plaintiff's motion was filed less than two (2) weeks

2

from trial. Defendant the Estate of Ritchie contends that it wishes closure of all issues in this matter without the prospect of later being brought back into a new litigation. Further, defendant the Estate of Ritchie submits that it would be an undue burden and prejudicial to it should it be dismissed on the eve of trial and be subject to continued litigation at a later date, at which point it may be difficult to develop evidence and witness testimony already developed in the pending suit.

The United States Court of Appeals for the Sixth Circuit has recognized that "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). The requirement of court approval in Rule 41(a)(2) is intended to protect the non moving party from unfair treatment. *Grover*, 33 F.3d at 718. In other words, a court must determine whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted). To determine whether a defendant will suffer plain legal prejudice, courts consider factors such as:

> [T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)).

After careful consideration, the Court finds that these factors do not sufficiently prejudice defendant the Estate of Ritchie to preclude dismissal. Though it contends that plaintiff has engaged in delay and that it would be prejudicial to it should it be dismissed on the eve of trial and be subject to continued litigation, the Court's review of the record shows that all parties have exercised reasonable diligence in complying with the deadlines set forth in the Court's Scheduling Order and have not requested unreasonable continuances or extensions in this matter. While the Court does note that plaintiff's motion for permission for voluntary dismissal did come on the eve of trial, and defendant the Estate of Ritchie arguably incurred some prejudice due to its efforts expended in preparing for trial, the Court finds that the existence of any prejudice incurred does not mandate a finding of plain legal prejudice.

To the extent defendant the Estate of Ritchie contends that any dismissal should be with prejudice, such action is proper "[a]t the point when the law clearly dictates a result for the defendant" and "it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Grover*, 33 F.3d at 719. For instance, dismissal with prejudice is appropriate when a defendant would be deprived of a legal defense such as the statute of limitations or a forum non conveniens defense. *Id.* (citations omitted). In *Grover*, it was error for the district court to permit voluntary dismissal without prejudice when the Ohio Supreme Court answered a certified question that established the plaintiff had no cause of action. 33 F.3d at 718-19. However, "[w]here a defense is still available in the second

4

action, courts are less likely to find plain legal prejudice." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 501-02 (6th Cir. 2007).

In the present case, defendant the Estate of Ritchie has argued that the accident in this case does not imply or prove negligence or any other level of wrongful conduct, and that plaintiff must carry his burden of proving negligence, proximate cause, and any request for damages [*See* Doc. 69]. Further, defendant the Estate of Ritchie has not filed any counterclaim against plaintiff and has not argued that it will be deprived of a legal defense such as a statute of limitations or a forum non conveniens defense if the Court dismisses the claims against it without prejudice. In light of the above, dismissal of this action without prejudice will not strip defendant the Estate of Ritchie of its ability to raise the same arguments in any subsequent litigation. Therefore, the Court will not dismiss this action with prejudice.

## III. CONCLUSION

For the reasons herein, the Court finds that plaintiff's request for voluntary dismissal of all claims against defendant the Estate of Ritchie is well-taken. Accordingly, and pursuant to Federal Rule of Civil Procedure 41(a)(2), plaintiff's Motion for Voluntary Dismissal as to the Estate of Jeffrey W. Ritchie [Doc. 74] is hereby **GRANTED**. Accordingly, all plaintiff's claims against defendant the Estate of Ritchie are hereby **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE